IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

FILED CLERK
U.S. DISTRICT COURT
05 JUN 27 PM 2: 52
TX EASTERN - BEAUMONT
BY _____

| | | |
|---|---|---|
| KEVIN M. BOETTNER, #906170 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv117 |
| DOUG DRETKE, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Kevin M. Boettner, an inmate previously confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and attempting to proceed *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Harry W. McKee, who issued a Report and Recommendation concluding that the complaint should be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). The plaintiff has filed objections to the Report and Recommendation.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the plaintiff, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections by the plaintiff are without merit.

The plaintiff is well known for abuse of the Court. In *Boettner v. Raimer*, No. 03-41762 (5th Cir. Dec. 13, 2004), the Fifth Circuit reviewed the plaintiff's history of frivolous lawsuits. The Court noted that he had three of more actions or appeals that were dismissed as frivolous. Consequently, in accordance with 28 U.S.C. § 1915(g), the Court barred the plaintiff from proceeding *in forma pauperis*

1

in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury. The complaint about matters that occurred in 2003 when the plaintiff was previously confined at the Polunsky Unit does not give rise to any inference that he is under imminent danger of serious physical injury. Moreover, his complaint about confiscation of legal materials at that time does not support an inference of imminent danger of serious physical injury. The exception to § 1915(g) is not applicable, and the plaintiff may not proceed *in forma pauperis*. Therefore the Court adopts the findings and conclusions contained in the Report and Recommendation. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**. It is finally

**ORDERED** that the plaintiff may resume his lawsuit if he pays the entire filing fee of $250 within thirty days from the entry of this order. *Carson v. Johnson*, 112 F.3d 818, 823 (5th Cir. 1997).

SIGNED this 22nd day of June, 2005.

RON CLARK
UNITED STATES DISTRICT JUDGE